ESTHER STUCK and RAYMOND STUCK, Respondents, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— In an action to recover damages for injuries sustained by the plaintiff-wife and for loss of services by her husband, judgment in favor of plaintiffs reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion the verdicts are against the weight of the evidence. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

MARY TESKEY, Appellant, v. CITY OF BEACON, Respondent. WILLIAM TESKEY, Appellant, v. CITY OF BEACON, Respondent.— Orders dismissing complaints for material variance between the notices of claim required under the Charter of the City of Beacon and the complaints, with permission, however, to serve amended complaints, affirmed, without costs; amended complaints to be served within ten days from the entry of the order hereon. No opinion. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.

·URBAN INVESTORS, INC., Appellant, v. GRENDON DEVELOPMENT CORPORATION and Others, Defendants. BERNARD L. HAVERN, Receiver, Respondent.— Order approving the account of receiver modified by reducing the amount allowed to the attorneys for the receiver to $200, and surcharging the receiver's account with $43.50 unnecessarily expended in serving orders to show cause on tenants who had willingly attorned to the receiver, and adjusting the commissions allowed accordingly. Only one refused and it was not necessary to make the remaining tenants parties to the proceeding. The order is further modified by providing that the judgment recovered by the receiver against the tenant McCulloch be assigned to the plaintiff. As so modified, the order, so far as an appeal is taken therefrom, is affirmed, without costs. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.

URBAN INVESTORS, INC., Appellant, v. 199 GELSTON AVENUE CORP. and Others, Defendants. BERNARD L. HAVERN, Receiver, Respondent.— Order approving account of receiver modified by reducing the amount allowed to the attorneys for the receiver to $200, and by surcharging the receiver's account with $42 unnecessarily expended in serving orders to show cause on tenants who had willingly attorned to the receiver, and adjusting the commissions allowed accordingly. Only two refused and it was not necessary to make the remaining tenants parties to the proceeding. As to modified, the order, so far as an appeal is taken therefrom, is ·affirmed, without costs. Hagarty, Davis, Adel, Taylor and Close, JJ., concur.